Filed 2/1/22  P. v. Grosvenor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>MARK GROSVENOR,<br><br>    Defendant and Appellant. | C093548<br><br>(Super. Ct. No. 20FE006982) |

Appointed counsel for defendant Mark Grosvenor has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

Defendant was driving on a highway; Sonciera B.R. and Anthony J. were passengers in the back seat.  Defendant made an unsafe turn, drove off the roadway, and

1

struck a tree. Sonciera was killed and Anthony was in a coma for several months. Defendant had methamphetamine and amphetamine in his system.

The prosecutor charged defendant with vehicular manslaughter without gross negligence (Pen. Code, § 191.5, subd. (b)) for the death of Sonciera; driving under the influence of a drug causing bodily injury to Anthony, with an allegation that Anthony suffered a brain injury which rendered him comatose (Veh. Code, § 23153, subd. (f); Pen. Code, § 12022.7, subd. (b)); misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); and misdemeanor driving while his license was suspended or revoked due to a prior conviction for driving under the influence (Veh. Code, § 14601.2, subd. (a)). The prosecution also alleged that defendant suffered one prior strike offense.

Defendant entered into an open plea and pleaded guilty to all counts. He also admitted the allegations that he inflicted bodily injury on Anthony such that Anthony suffered a brain injury which rendered him comatose, and that he previously suffered a prior strike offense.

The trial court considered several factors in aggravation and mitigation and sentenced defendant to the upper term of three years on the driving under the influence charge, doubled to six years due to the prior strike, with an additional five years for the allegation defendant caused Anthony to be comatose; a consecutive term of eight months (one-third the midterm) on the vehicular manslaughter charge, doubled to one year and four months; a concurrent term of 364 days for possessing methamphetamine; and the jail sentence on driving with a suspended or revoked license was stayed pursuant to Penal Code section 654 for an aggregate term of 12 years 4 months in state prison. The trial court awarded defendant 275 days of presentence custody credits, with specified conduct credits limited under Penal Code section 2933.1. The trial court struck all nonmandatory fines, imposed a $300 restitution fine (Pen. Code, § 1202.4) and imposed and suspended an identical postrelease community supervision revocation fine (Pen. Code, § 1202.45),

2

imposed a $160 court security fee (Pen. Code, § 1465.8), and a $120 court conviction fee (Gov. Code, § 70373). The trial court converted fines to concurrent nine days of actual time.

Defendant did not request a certificate of probable cause. (Pen. Code, § 1237.5.)

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant, and accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____\s\_____
BLEASE, Acting P. J.

We concur:

\_\_\_\_\_\s\_____
HULL, J.

\_\_\_\_\_\s\_____
RENNER, J.